RECEIVED
IN ALEXANDRIA, LA
JUL - 8 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ROBERT HOLMES (Doc No. 123183) | CIVIL ACTION NO. 05-0694-M |
| VS. | SECTION P |
| LeBLANC BROTHERS, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed on March 18, 2005, *in forma pauperis* by *pro se* plaintiff Robert Holmes.[1] Holmes is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. At the time he filed this suit, plaintiff was incarcerated at the Caldwell Detention Center (CDC) in Grayson, Louisiana and he complained of conditions of confinement at that institution. The court has discovered that plaintiff was transferred to the Forcht-Wade Corrections Center (FWCC), Keithville, Louisiana, on June 21, 2005.[2]

Plaintiff named the "LeBlanc Brothers" as owners of the Louisiana Correctional Services and CDC Warden Richard Deville as his only defendants. He seeks injunctive relief and $40 for each meal he missed while incarcerated at CDC.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

---

[1] Plaintiff originally filed suit in the United States District Court for the Middle District of Louisiana; that court transferred the complaint to this court on April 18, 2005. [See Doc. 3]

[2] See http://www.corrections.state.la.us/inmate_locator_requests.htm

## **STATEMENT OF THE CASE**

In his original complaint, plaintiff claimed that the defendants: refused to provide proper diets for diabetics; refused to send any meals at times (plaintiff claimed to have missed 17 meals as of March 16, 2005); refused to give any written responses to grievances or follow grievance procedure; refused to allow Type II Diabetics any type of evening snack; destroyed or stole items of his personal property. Plaintiff also claimed that he was only allowed to test once per month for diabetes. He prayed for the return of his personal property and for an order directing the defendants: to provide a proper diet, including evening snacks as required; to follow the grievance procedures; and, to stop denying diabetics meals when they complain about the sugar syrup. He also asked for $40 for every meal he missed. [See Doc. 1]

Plaintiff filed an amended complaint on May 10, 2005. According to this pleading, sometime in February, 2004, plaintiff was transferred to L.C.S.-Pine Prairie from a corrections center in Concordia Parish. Prior to the transfer, plaintiff claims to have been diagnosed with diabetes by the nurse at the Concordia Parish facility. Upon his arrival at LCS-Pine Prairie, plaintiff advised the medical staff of this diagnosis. On some unspecified date, plaintiff was apparently transferred to CDC.

Plaintiff claims that he has been denied the items necessary to clean quarter sized ulcers on his legs and head. Even though the medical staff recommend various products or prescriptions, the warden's office refuses to provide these items to plaintiff.

Between October 27, 2004 and the beginning of May, 2005 plaintiff was denied 21 meals. He contends that diabetics are not allowed to have fruit, although other inmates receive fruit 4-6 times per week.

On April 14, 2005, all diabetic inmates were served 3 teaspoons of plain rice and a piece of cornbread.

Plaintiff has been taking blood pressure medication since 1991. According to the Warden's Office at CDC, plaintiff has been cured and is no longer in need of blood pressure medication despite several extremely high blood pressure readings taken on unspecified dates.

Sometime in March, 2005, the CDC administration conducted a "shake down." Plaintiff and his fellow inmates were ordered to face the wall while prison staff conducted a search of their belongs. Plaintiff saw Warden Viator reading his planned civil action. He also observed Warden Viator destroy plaintiff's deodorant and confiscate plaintiff's eating bowl, boxers, and watch. Apparently, plaintiff's medical supplies for the treatment of his ulcers was confiscated.

Despite the fact that plaintiff filed grievances on unspecified dates, the warden's office has never provided a written response to his grievance. Plaintiff claims that he is "...called out and threatened with disciplinary camps and restrictions on food, and am being refused clothes that every one else who is indigent receives every 90 days."

In this amended complaint, plaintiff dropped his claim for money damages and prayed only for injunctive relief. He asked the court to order: (1) treatment for his medical condition; (2) that he "... be allowed to receive my indigent just like everyone else;" (3) that he be provided a proper diet for diabetics; (4) that he be allowed to monitor his blood sugar as needed; (5) that he be present when his property is "shakin down" [sic]; (6) that his property (a watch, one pair of 2X boxer underwear, a plastic food bowl, one Speed Stick® deodorant) be returned to him; and (7) that the Warden not restrict the nurses from rendering assistance to him. [Doc. 5]

## LAW AND ANALYSIS

1. Frivolity Review

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a

constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint and his amended complaint specifically detail his theories of liability with respect to each named defendant. The thoroughness of the complaints convinces the court that plaintiff has pled his best case and need not be afforded any further opportunity to amend.

Accepting all of plaintiff's allegations as true, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly, recommends dismissal of the complaint.

## 2. Mootness

The transfer of a prisoner out of an allegedly offending institution generally render his claims for injunctive relief moot. *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (*per curiam*) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir.1991) (*per curiam*) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief).

As shown above, with the exception of his request for compensatory damages resulting from having missed several meals, plaintiff seeks only injunctive relief. Further, as has been previously shown, plaintiff was transferred from CDC to a Louisiana Department of Public

Safety and Corrections Facility, FWCC, on June 21, 2005.

In order for plaintiff's claims to remain viable, he would have to establish that the possibility of a transfer back to CDC would make his claims capable of repetition yet evading review. See *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir.1975).

Plaintiff must show either a "demonstrated probability" or a "reasonable expectation" that he would be transferred back to the offending institution, or released and then re-incarcerated there. *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). At its most lenient, the standard is not "mathematically precise" and requires that plaintiff show a "reasonable likelihood" of repetition. *Honig v. Doe*, 484 U.S. 305, 318-19, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988). Even under the most permissive interpretation, none of plaintiff's pleadings even suggest that the constitutional violations complained of at CDC are capable of repetition.

The pleadings allege facts sufficient only to support a claim for constitutional violations at CDC. Plaintiff was recently transferred from the offending facility to a Louisiana Department of Corrections Facility. His requests for injunctive relief are moot. Dismissal on that basis is therefore recommended.

### 3. Compensatory Damage Claim

In his original complaint, plaintiff asked for compensatory damages of $40 for each meal missed. Plaintiff's complaint was signed on March 16, 2005, and by that date he claimed to have missed a total of seventeen (17) meals. In his amended complaint, he alleged that he missed a total of twenty-one (21) meals between October 27, 2004 and early May, 2005 when he submitted his amended complaint. The facts alleged by plaintiff establish that he missed an average of three meals per month (twenty-one meals missed / seven months = 3 meals/month).

The fact that an inmate misses an occasional meal does not necessarily implicate the inmates's constitutional rights. See *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir.1999); *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir.1986); see also *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir.1998) ("Missing a mere one out of every nine meals is hardly more than that missed by many working citizens over the same period.").

Plaintiff has alleged that he missed some meals. He does not state any additional facts that would indicate that he faced a substantial risk of harm because of these incidents. Accordingly, he has failed to state a cognizable claim against defendants arising from his deprivation of twenty-one meals over a seven month period. Compare *Oladipupo v. Austin*, 104 F.Supp.2d 626, 640 (W.D.La. 2000).

His sole claim for money damages is frivolous.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint, in so far as it seeks injunctive relief, be **DISMISSED WITH PREJUDICE** as **MOOT**.

**IT IS FURTHER RECOMMENDED** that plaintiff's civil rights complaint, in so far as it seeks monetary damages, be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of _____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE